IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON JOIEL SUGGS,

    Petitioner,                      No. CIV S-10-0765 JAM DAD P

    vs.

JIM MARSHALL, Warden,

    Respondent.                    <u>FINDINGS AND RECOMMENDATIONS</u>

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 1, 2010, the undersigned ordered respondent to file and serve a response to the petition. On July 13, 2010, respondent filed the pending motion to dismiss, arguing that the court lacks jurisdiction in this matter. Petitioner has not filed an opposition to the motion.[1]

/////

---

[1] On August 26, 2010, the undersigned issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within thirty days and warning petitioner that failure to do so could "be deemed a waiver of any opposition to the granting of the motion." On September 27, 2010, petitioner filed a notice of change of address. On October 5, 2010, the court re-served the order to show cause on petitioner in the event that he had not received it at his previous institution of incarceration. Nonetheless, petitioner still has not complied with the court's order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

## BACKGROUND

In 1998 in the Sacramento County Superior Court, petitioner entered a plea of no contest to the charge of stalking. Pursuant to that plea, on April 2, 1998, the trial court sentenced him to three years of probation. Probation was revoked once but ultimately reinstated. Petitioner did not appeal his judgment of conviction and sentence. (Resp't's Lodged Docs. 1 & 7.)

Petitioner subsequently filed three petitions seeking habeas corpus relief in state court. Under the mailbox rule, on March 9, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal which was denied on March 19, 2009. On May 21, 2009, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on October 14, 2009. Finally, on June 25, 2009, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on August 7, 2009. (Resp't's Lodged Docs. 2-7.)

On January 13, 2010, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

## RESPONDENT'S MOTION TO DISMISS

Respondent moves to dismiss the pending habeas petition, arguing that this court lacks jurisdiction over this matter because petitioner is no longer in custody with respect to the judgment of conviction he seeks to challenge. Specifically, respondent argues that the "in custody" requirement is satisfied only if petitioner was in custody on the judgment he challenges at the time of filing his federal petition. On April 2, 1998, the Sacramento County Superior Court sentenced petitioner to a three year term of probation. Petitioner's probation ended in 2001. Petitioner did not commence this action until January 14, 2010. Accordingly, respondent concludes that petitioner's "in custody" status ended log before he filed his pending federal habeas petition. (Resp't's Mot. to Dismiss at 2-3.)

/////

/////

## ANALYSIS

Under 28 U.S.C. § 2254, a federal district court:

> shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The "in custody" requirement of § 2254 is jurisdictional. See Maleng v. Cook, 490 U.S. 488, 490 & 494 (1989); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). Respondent correctly observes that a habeas corpus petitioner must be "in custody" pursuant to the conviction or sentence under attack at the time he files his petition. See Maleng, 490 U.S. at 490-91. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492.

In this case, the record demonstrates that, on April 2, 1998, petitioner pled no contest to stalking pursuant to a plea bargain. The Sacramento County Superior Court sentenced him to a three year term of probation with a thirty-day jail commitment as one of the conditions of probation. Although petitioner's probation was revoked once, it was reinstated by the court and ultimately terminated in 2001. (Resp't's Lodged Docs. 1 & 7.) Petitioner filed his federal habeas petition on January 13, 2010, years after his "in custody" status ended with respect to his 1998 conviction. Accordingly, this court lacks subject-matter jurisdiction over this habeas action, and the pending petition should be dismissed.[2]

/////
/////
/////

---

[2] In support of the pending motion to dismiss, respondent has also presented arguments regarding the timeliness of petitioner's federal habeas petition. In light of the recommendation set forth above, however, the court will not reach the merits of respondent's argument that this action is barred by the applicable statute of limitations even though that argument appears to be well-taken.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 13, 2010 motion to dismiss (Doc. No. 11) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sugg0765.157